Filed 5/7/25  P. v. Garcia CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR GARCIA,<br><br>        Defendant and Appellant. | B337226<br><br>(Los Angeles County<br>Super. Ct. No. KA074827) |

THE COURT:

        Defendant and appellant Arthur Garcia (defendant) appeals the order denying his petition for writ of habeas corpus. After his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  We have reviewed the record and have considered the issues raised in defendant's brief.  We

conclude the trial court's order was not appealable and therefore dismiss the appeal.

## BACKGROUND

On May 15, 2008, defendant was convicted of conspiracy to commit murder in violation of Penal Code section 182, subdivision (a)(l),[1] as charged in the amended information.  The trial court therefore found true the prior conviction for first degree burglary alleged under section 1170.12, subdivisions (a)–(d) and section 667 subdivisions (b)–(i), as well as the five-year recidivist enhancement of section 667, subdivision (a).  The court denied defendant's *Romero* motion to strike the first degree burglary conviction for purpose of sentencing[2] and sentenced defendant to a term of 25 years to life in prison, doubled as a second strike, plus a consecutive five years pursuant to section 667, subdivision (a), for a total of 55 years to life.  Defendant was awarded presentence custody credits of 876 actual days and  31 days conduct credits calculated at 15 percent pursuant to section 2933.1.  The judgment was affirmed in *People v. Garcia* (Apr. 28, 2011, B210960) (nonpub.opn.).

Defendant filed a petition for a writ of habeas corpus on January 16, 2024, which was summarily denied on February 23, 2024, in a written decision.  Counsel was not appointed nor was a hearing held.  Defendant filed a timely notice of appeal from the order of denial.

---

[1]    All further unattributed statutory references are to the Penal Code.

[2]    See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 (*Romero*).  Section 1385 permits a trial court to dismiss a prior strike conviction.  (*Romero*, at p. 504.)

2

## DISCUSSION

The petition alleged defendant was entitled to have the five-year enhancement imposed pursuant to section 667, subdivision (a)(1) stricken and to be resentenced. As authority, defendant's petition cites Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).[3] It is defendant's position the law eliminated prior convictions under Health and Safety Code section 11351 for enhancement purposes and eliminated burglary as a violent offense. Senate Bill No. 483 did neither.

With exceptions, section 1172.7, subdivision (a) invalidates sentence enhancements imposed prior to January 1, 2018, pursuant to Health and Safety Code section 11370.2. There is no mention in Penal Code section 1172.7 of Health and Safety Code section 11351. Pursuant to Penal Code section 1172.75 all enhancements imposed under section 667.5, subdivision (b) prior to January 1, 2020, unless imposed on prior convictions for sexually violent offenses, are legally invalid. There is no mention of the five-year recidivist enhancement of section 667, subdivision (a). Thus, neither section 1172.75 nor section 1172.7 apply here.

The trial court acknowledged Assembly Bill 600 (2023-2024 Reg. Sess.) gave the court discretion to resentence defendant pursuant to section 1172.1, subdivision (a)(1), but the court chose not to exercise that discretion. The court's decision is not

---

[3] Senate Bill No. 483, with some exceptions, "invalidates prior prison term and prior drug conviction enhancements imposed under . . . section 667.5, former subdivision (b), and Health and Safety Code section 11370.2, respectively." (*People v. Flores* (2022) 77 Cal.App.5th 420, 442, footnote omitted, citing Senate Bill 483 and Stats. 2021, ch. 728, §§ 1–3.)

3

appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 991, 996–999.) Nor is the order denying the petition. "'[I]n noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal.'" (*In re Dohner* (2022) 79 Cal.App.5th 590, 594.) "We have discretion, however, to deem an appeal from the denial of a petition for writ of habeas corpus to be an original habeas petition filed in this court [when] the interest of judicial economy weighs in favor of deciding the merits . . . ." (*Ibid.*, citations omitted.) Under the circumstances of this case as discussed above, we see nothing that might favor deciding the merits of defendant's petition for habeas corpus. We thus dismiss the appeal.[4]

## DISPOSITION

The appeal is dismissed.

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

---

[4] The petition also sought additional custody credits, citing *People v. Buckhalter* (2001) 26 Cal.4th 20, 37, which held in resentencing the defendant on remand, the trial court should have included additional credits. As we dismiss the habeas petition and do not remand to the trial court, we need not discuss the request. For the same reason, we decline appointed counsel's request we treat the habeas petition as an informal request to correct presentence credits pursuant to section 1237.1.